# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CHRISTOPHER HOLLY,　　　　　　　　　　Case No, 5:18-cv-442-OC-30PRL

　　　　Plaintiff,　　　　　　　　　　　　　Violation Of The CAN-SPAM Act 2003.

GOOGLE, LLC.,　　　　　　　　　　　　　**Demand for Jury Trial**
A Delaware corporation,

　　　　Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Christopher Holly, *Pro Se*, and submits his Complaint against The Defendant, Google, LLC., and alleges as follows:

1. This is an action for damages for violations of the Federal Trade Commission ("FTC") CAN-SPAM Act 2003.

## PARTIES

2. Plaintiff is an adult resident of Ocklawaha, Florida.

3. Defendant is a foreign with its principal place of business in California. With an established business located 340 Main Street, Venice, California 90291; and 19510 Jamboree Road, Irvine, California 92612

4. The actions forming the basis of the Complaint took place via Plaintiff's various Yahoo e-mail "inboxes" while he resided at various address in Marion County, Florida. .

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction based on diversity under 28 U.S. Code § 1331 for the FTC claim.

6. Venue in proper in this District pursuant to U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in the District,

7. This claim is not based on Plaintiff having a "Google G-Mail" user account, therefore any "Google" user "Terms Of Service" <u>does not</u> apply in this pending action.

## FACTUAL ALLEGATIONS

8.      That being at all times relevant, and on or about January 1, 2016, and continuing through August 20, 2018, Plaintiff has received **1000's** of e-mails in his various Yahoo e-mail accounts (ch_services, NSL_2015, CGH1963, shadows_pub, east_coat_innovation, singtix_exp), that being generated and sent from various "**G-Mail**" accounts.

9.      The various e-mails in question originate from countries like "Nigeria", containing **fraudulent financial claims**, and requesting personal information from Plaintiff.

## COUNT I
### (VIOLATIONS OF THE CAN-SPAM Act 2003)

10.     Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint as though fully stated herein.

11.     It is a violation of the CAN-SPAM Act 2003 to use "false or misleading header information" when sending a electronic mail.

12.     Plaintiff alleges the aforesaid "fraudulent" e-mails in question are in direct violation of the CAN-SPAM Act 2003.

13.     Plaintiff alleges the Defendant has done **very little** to "stop", i.e. identify these criminals, and block their computer **IP Address's** from creating and/or using G-Mail accounts to send aforesaid fraudulent e-mails in question to Plaintiff, including but not limited to e-mail users worldwide.

14.     That at all times relevant, the Defendant, Google, LLC, by and through its agents and employees, owed a duty to "identify" the IP Address of persons and/or persons continually sending fraudulent e-mails to Plaintiff.

15.     That, notwithstanding that duty, the Defendant, Google, LLC, by and through its agents and employees, was then and there guilty of the following acts and/or omissions:

>   A) Failed to stop aforesaid fraudulent e-mails in violation of
>      the CAN-SPAM Act 2003.

16. That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, Google, LLC, by and through its agents and employees, Plaintiff's rights have been substantially violated.

17. That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, Google, LLC, by and through its agents and employees, Plaintiff, Chris Holly, has suffered and continually suffers extreme emotional distress and extreme aggravation.

**WHEREFORE,** the Plaintiff, CHRIS HOLLY, prays that a judgment be entered against the Defendant, Google, LLC, finding the acts and practices complained herein constitutes a violation of the CAN-SPAM Act 2003 of the Federal Trade Commission; awarding Plaintiff monetary damages totaling $100,000; awarding Plaintiff compensatory damages totaling $100,000; awarding Plaintiff punitive damages totaling $1,000,000; together with his reasonable costs and legal fees in this action and granting Plaintiff such other and further relief this Court deems necessary and proper.

### COUNT II
### (FAILURE TO PROTECT THE PUBLIC)

18. Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint as though fully stated herein.

19. Plaintiff alleges the Defendant has the "**technology**" to identify and stop these never ending fraudulent e-mails, however does basically nothing to protect the public, i.e. Plaintiff, from continually receiving aforesaid fraudulent e-mails in question, that being from countries like "Nigeria".

20. Plaintiff alleges, **while** the Defendant did not "**personally**" forward any fraudulent e-mails to the Plaintiff, Defendant's action turning a "**blind eye**" to the **repetitive** G-Mail accounts used and/or setup by aforesaid criminals to forward aforesaid fraudulent e-mails, that being via, Google's electronic e-mail delivery system, makes the Defendant "**Complicit**" in aforesaid criminal activity in question.

3

21. That at all times relevant, the Defendant, Google, LLC, by and through its agents and employees, owed a duty to take the necessary **security steps** to "**protect**" the public, i.e. Plaintiff from continually receiving fraudulent e-mails.

22. That, notwithstanding that duty, the Defendant, Google, LLC, by and through its agents and employees, was then and there guilty of the following acts and/or omissions:

   A) Failed to stop aforesaid fraudulent e-mails in violation of the CAN-SPAM Act 2003.

   B) Failed to take the necessary steps and security measures to identify and restrict aforesaid criminals from using, accessing and/or creating G-Mail accounts, that being for fraudulent activity.

23. That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, Google, LLC, by and through its agents and employees, Plaintiff's rights have been substantially violated.

24. That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, Google, LLC, by and through its agents and employees, Plaintiff, Chris Holly, has suffered and continually suffers extreme emotional distress and extreme aggravation.

**WHEREFORE**, the Plaintiff, CHRIS HOLLY, prays that a judgment be entered against the Defendant, Google, LLC, finding the acts and practices complained herein constitutes a violation of the CAN-SPAM Act 2003 of the Federal Trade Commission; awarding Plaintiff monetary damages totaling $100,000; awarding Plaintiff compensatory damages totaling $100,000; awarding Plaintiff punitive damages totaling $1,000,000; together with his reasonable costs and legal fees in this action and granting Plaintiff such other and further relief this Court deems necessary and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Christopher Holly, prays for judgment against the Defendant, Google LLC, Inc. as follows:

A. enter a ruling Defendant has violated the CAN-SPAM Act 2003;

B. enter a ruling Defendant was <u>complicit</u> in aforesaid fraudulent e-e-mail activity, by turning a "<u>blind eye</u>";

C. enter an order the Defendant has <u>failed</u> to take any steps to identify, stop and/or restrict criminals from sending aforesaid e-mails to the public, i.e. Plaintiff;

D. further order the Defendant to pay Plaintiff, monetary damages totaling $100,000; compensatory damages totaling $100,000 & punitive damages totaling $1,000,000; that being on each count;

E. granting Plaintiff such other and further relief this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts

## CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this petition:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted,

Date: <u>August 24, 2018,</u>

CHRIS HOLLY, *Pro Se*
PO BOX 1
OCKLAWAHA, FL 32183
(352) 322-7442